883 F.2d 1026
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Constance HORNER, Director, Office of Personnel Management, Petitioner,
v.
Hazel TEIGELER, Respondent.
 Misc. No. 254.
 United States Court of Appeals, Federal Circuit.
 July 12, 1989.
Review Granted July 12, 1989.
 
 Before FREIDMAN, BISSELL and ARCHER, Circuit Judges.
 BISSELL, Circuit Judge.
 
 ORDER
 
 1
 Constance Horner, Director of the Office of Personnel Management (OPM), petitions for review of the Merit Systems Protection Board's (Board) April 14, 1989 decision in Teigeler v. OPM. Hazel H. Teigeler has not responded in substance. The Board opposes the petition.
 
 
 2
 At issue here is the interpretation of a provision of the Civil Service Retirement Spouse Equity Act, as amended, that provides for entitlement to a survivor annuity for a former spouse who, inter alia, "has not remarried before reaching age 55 after September 14, 1978." Section 4(b)(4)(A), Spouse Equity Act. OPM argues that Teigeler does not meet this criterion because she remarried before age 55. The Board argues that she meets the criterion because the statute bars entitlement only if she marries before age 55 and the remarriage occurred after September 14, 1978.
 
 
 3
 With regard the "substantial impact," OPM states that:
 
 
 4
 under the MSPB's interpretation of the statute in this case, OPM estimates that a significant number of additional spouses of federal employees might become eligible for survivor annuity benefits and, we are advised by OPM, that the maximum total potential cost to the Civil Service Retirement and Disability Fund of providing additional annuities to that number of former spouses could reach from two million to ten million dollars annually.
 
 
 5
 In response, the Board argues that OPM has failed to establish that the Board's decision will have a substantial impact, that OPM does not state how the number who now qualify (between 4,000 and 6,000 each year) will be affected by including former spouses who remarried before age 55, and that "we suspect that the number of former spouses that the Board's decision will affect may very well be a negligible and diminishing number."
 
 
 6
 We deem the question of whether OPM has shown the requisite substantial impact to be a close one in this case. However, the question here is one of first impression and involves statutory interpretation. Accordingly, we deem it appropriate to grant OPM's petition. See Devine v. Nutt, 718 F.2d 1048, 1053 (Fed.Cir.1983), rev'd on other grounds sub nom., Cornelius v. Nutt, 105 S.Ct. 2890 (1985).
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 The petition for review is granted.